[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' WHETHER NON-RESIDENT DEFENDANT COMPANY MUST APPEAR IN CONNECTICUT FOR DEPOSITION AND WHETHER DEFENDANT'S MENTAL IMPRESSIONS ARE DISCOVERABLE
This is an action by plaintiff Fred Torniero to collect underinsured motorist benefits directly from defendant Safeco Insurance Company of Illinois, his insurer, to cover damages CT Page 9656 remaining after receiving monies representing the upper limits of the tortfeasor's insurance policy with the CNA Insurance Company. The action is brought in two counts. In the First Count the plaintiff alleges a breach of contract to pay underinsured motorist benefit. In the Second Count the plaintiff alleges a bad faith refusal to pay such underinsured motorist benefits.
Pursuant to a motion filed by the defendant, the Court has promulgated an order bifurcating the proceedings on the issues represented by the two counts. In this regard, the Order of the Court stays proceedings in the Second Count, pending the outcome of proceedings in the First Count.
The present matters in controversy concern two items of discovery. The first question is whether the non-resident defendant company should be ordered to have its designated representative deposed in Connecticut, or whether the plaintiff will be obligated to depose that representative in Illinois. The plaintiff seeks Connecticut; the defendant Illinois.
Plaintiff cites Practice Book Section 13-29(c)(2) as sanctioning this court ordering that the defendant be deposed in Connecticut. This section states that "[a] defendant who is not a resident of this state may be compelled . . . [by] notice under Section 13-27 (a) to give a deposition at any place within thirty miles of the defendant's residence or within the county of his or her residence or at such other place a is fixed by order of thejudicial authority." The plaintiff argues that by appointing the Secretary of State as its agent for service and by doing business in this state, the defendant has assented to the legal process of this state, and that it would not be unreasonable to require its deposition here. The Court agrees, and orders that the defendant submit to being deposed in Connecticut.
The second item of discovery concerns whether the defendant will be ordered to produce documents which are the mental impressions of its attorney or other representative of a party concerning this litigation. Such impressions are protected by rule of court. See Section 13-3 of the Rules of Court. The simple answer is that the court will not order such documents produced. This answer does not resolve any question as to whether the documents are in fact a representation of such mental impressions. See Stanley Works v. New Britain Redevelopment Agency,155 Conn. 86, 95 (1967); Hickman v. Taylor, 329 U.S. 495, 501,67 S.Ct. 385; and Falvey's Inc. v. Republic Oil Co., 14 CLT 50 CT Page 9657 (1988), p. 931.
Clarance J. Jones, Judge